UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT J. SAUCEDO,<br><br>          Plaintiff,<br><br>   v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS, et al.,<br><br>          Defendants. | CV F- 03-5265 OWW DLB P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. section 1983.  Pending before the Court is the amended complaint, filed July 8, 2003, which plaintiff filed after the Court dismissed his original complaint for failure to state a claim upon which relief could be granted.

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2).  If the Court determines that the complaint fails to state a claim, leave to amend

may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

Plaintiff names as defendants the California Department of Corrections, the California Board of Prison Terms and the State of California. Plaintiff once again alleges that he and other non-violent offenders housed at Avenal State Prison are being denied equal protection and due process. Plaintiff seeks to challenge a Department of Corrections program allowing non-violent inmates in fire-fighting and work-camps to receive two days' good time credit for each day worked, resulting in an early release date. Plaintiff alleges he and other inmates with INS holds are denied participation in the program which amounts to discrimination on the basis of race in violation of the Equal Protection Clause.

As plaintiff was previously advised, prisoners have no liberty interest in earning work time credits or participating in work programs. Toussaint v. McCarthy, 801 F.2d 1080, 1094-95 (9th Cir. 1986). A deprivation that affects the duration of a prisoner's sentence, such a the loss of good time credits may, in some circumstances, implicate due process concerns. Sandin v. Connor, 515 U.S. 472, 483-4 (1995) (citing with approval Wolff v. McDonnell, 418 U.S. 539, 557 (1974) (state-created interest in shortened prison sentence is an interest of "real substance")). Such a liberty interest is limited to circumstances in which time credits were revoked as a disciplinary action; however, such a claim is not cognizable under § 1983 unless the result of such disciplinary action has been previously overturned or otherwise invalidated. Edwards v. Balisok, 117 S.Ct. 1584, 1587 (1997). Moreover, the act of revoking time credits must be distinguished from the act of limiting a prisoner's ability to prospectively earn time credits. In the instant case, plaintiff merely complaints that he was not given the opportunity to participate in certain fire and work camp programs in which extra time credits may be earned. Because plaintiff has no liberty interest in earning good time credits, the complaint fails to state a claim for violation of due process.

With respect to the claim of racial discrimination, plaintiff has failed to allege adequate facts to state a claim for an equal protection violation. Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a

legitimate state purpose.  See San Antonio School District v. Rodriguez, 411 U.S. 1 (1972).  In order to state a § 1983 claim based on a violation of the equal protection clause of the Fourteenth Amendment, a plaintiff must allege and that defendants acted with intentional discrimination against a class of inmates which included plaintiff.  Lowe v. City of Monrovia, 775 F.2d 998, 1010 (9th Cir. 1985); Federal Deposit Ins. Corp. v. Henderson, 940 F.2d 465, 471 (9th Cir. 1991).  Because plaintiff has failed to allege any facts to indicate that any person acted with intentional discrimination against a protected class, this claim must be dismissed.

      Finally, the only named defendants, the California Department of Corrections, the Board of Prison Terms and the State of California, are immune from suit.  Plaintiff may not sustain an action against a state agency.  The Eleventh Amendment prohibits federal courts from hearing suits brought against an unconsenting state.  Brooks v. Sulphur Springs Valley Elec. Co., 951 F.2d 1050, 1053 (9th Cir. 1991)(citation omitted); see also Seminole Tribe of Fla. v. Florida, 116 S.Ct. 1114, 1122 (1996); Puerto Rico Aqueduct Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993); Austin v. State Indus. Ins. Sys., 939 F.2d 676, 677 (9th Cir. 1991).  The Eleventh Amendment bars suits against state agencies as well as those where the state itself is named as a defendant.  See Natural Resources Defense Council v. California Dep't of Tranp., 96 F.3d 420, 421 (9th Cir. 1996); Brook, 951 F.2d at 1053; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989)(concluding that Nevada Department of Prisons was a state agency entitled to Eleventh Amendment immunity); Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201 (9th Cir. 1989).  Because the named defendants are state agencies, they are entitled to Eleventh Amendment immunity from suit.

      In summary, the amended complaint, like the original complaint fails to state any cognizable claims for relief and therefore the Court recommends that this action be dismissed in its entirety.  In so recommending, the Court doe not recommend that plaintiff be granted an additional opportunity to filed an amended complaint because he was already granted this opportunity and was unable to cure the deficiencies identified by the Court in its prior order.

      Accordingly, the Court HEREBY RECOMMENDS that the amended complaint be dismissed, without leave to amend, thereby concluding this action in its entirety.

U.S. District Court
E. D. California

3

1  It is Ordered that these Findings and Recommendations be submitted to the United States
2 District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3 **THIRTY (30) DAYS** after being served with the Findings and Recommendations, plaintiff may file
4 written objections with the Court.  The document should be captioned "Objections to Magistrate
5 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within
6 the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
7 F.2d 1153 (9th Cir. 1991).
8  IT IS SO ORDERED.
9  **Dated:   March 13, 2006**          **/s/ Dennis L. Beck**
   3b142a                                UNITED STATES MAGISTRATE JUDGE